**Harry W. SPEAR, Appellant,**

v.

**DAYTON'S, Appellee.**

No. 83–2522.

United States Court of Appeals, Eighth Circuit.

Submitted April 30, 1984.

Decided May 3, 1984.

Ronald T. Pfeifer, Law Offices of Martin L. Garden, Minneapolis, Minn., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Harry W. Spear, formerly employed by Dayton's, a department store, as a shoe salesman, brought this action contending that Dayton's had unlawfully reduced his hours of work because of his age (45) and sex. The District Court granted Dayton's motion for summary judgment and dismissed Spear's complaint. We agree that no triable claim of sex discrimination was made out, and to that extent we affirm. As to the claim of age discrimination, however, we hold that a verified exhibit attached to Spear's complaint did raise a gen-uine issue of material fact, and therefore reverse in part.

Spear attached to his complaint as an exhibit a copy of the charge he had filed with the Minnesota Department of Human Rights. This charge, which was made by Spear under oath, alleged, among other things, that Sandy Gammack, an employee of the defendant, had told him that his hours of work were being reduced because he was "too old" for the job. When Dayton's filed its motion for summary judgment, properly supported by affidavits, the plaintiff Spear did not file a new affidavit repeating his claim that Gammack had made an apparently discriminatory statement, nor did he specifically call the attention of the District Court to the exhibit to his complaint. Dayton's argues, therefore, that summary judgment was properly granted under Fed.R.Civ.P. 56(e), which provides that when a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleading, but must resist the motion by filing affidavits setting forth specific facts raising a genuine issue for trial.

We do not agree that Rule 56(e) supports the position of Dayton's on this appeal. Here, when Dayton's motion for summary judgment was filed, there was already in the record the equivalent of an affidavit by plaintiff to the effect that an employee of the defendant had made a statement to him that was tantamount to an admission of discriminatory motive, or from which, such a motive could be inferred by the trier of fact. We do not believe that a litigant, especially one unrepresented by counsel, as was Spear, is under a duty to repeat his verified allegation in a new affidavit. See Wright, Miller, & Kane, Federal Practice and Procedure §§ 2721, 2722; *Ratner v. Young*, 465 F.Supp. 386, 389 n. 5 (D.V.I. 1979); *Yong Hong Keung v. Dulles*, 127 F.Supp. 252, 252 (D.Mass.1954). Such a requirement would simply multiply the filing of paper for no good purpose. This is not, in other words, a case of a plaintiff who simply rested on the unverified allegations of his pleadings. Plaintiff's sworn

statement recounting the claimed discriminatory remark was already before the Court and, in our view, precluded the grant of summary judgment.

We of course do not know whether Gammack made the statement alleged, or whether, even if she did make it, some satisfactory explanation might be proffered that would persuade the trier of fact that plaintiff was not subjected to unlawful discrimination. Those issues may be pursued on remand. We hold only that the record in this case, when viewed in the light most favorable to the party opposing the motion for summary judgment, does raise a genuine issue of material fact.

The judgment is reversed as to the age claim only, and the cause remanded for further proceedings in accordance with this opinion.

It is so ordered.