**Myron Keith WYATT, Appellant,**

v.

**Damon DELANEY, as Maintenance Man at the Lincoln Correctional Center, Appellee.**

No. 86–2005.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1987.

Decided May 11, 1987.

---

Robert A. Cannon, Lincoln, Neb., for appellant.

Charles E. Lowe, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before HEANEY and FAGG, Circuit Judges, and WOODS,* District Judge.

HEANEY, Circuit Judge.

The appellant, Myron K. Wyatt, an inmate at the Lincoln Correctional Center, in Lincoln, Nebraska, brought an action under 42 U.S.C. § 1983. Wyatt asserts that appellee, Damon Delaney, a maintenance worker at the Lincoln Correctional Center, violated his eighth amendment rights by striking him in the mouth and causing a minor injury. After a bench trial, the district court found no eighth amendment violation. We affirm.

On February 25, 1985, Delaney was assisting a repairman in replacing a broken window in a recreation room in the Correctional Center. Delaney removed four bolts about eight and a half inches long from a piece of plywood temporarily covering the broken window. While working on the window, Delaney overheard Wyatt and another inmate, Jesse Narcisse, discussing weightlifting. Wyatt apparently had just started training. Delaney approached them, and, according to Delaney, sought to enter the conversation.

What happened next was a subject of dispute at the trial. Delaney claims that he jokingly said "you don't really have any muscle development yet," and then Delaney lightly shoved Wyatt. In shoving Wyatt, however, Delaney used his left hand in which he held the four bolts he had removed while repairing the window. Delaney claims the bolts accidentally grazed Wyatt's face and caused a small cut inside the mouth. Wyatt claims that Delaney simply walked up to him, called him a punk, raised one hand above his head, and hit him with the other. Narcisse, whose affidavit was read at trial, gave an account that roughly corresponded to Wyatt's.

Wyatt reported the incident to a guard. After briefly talking with the guard and

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

finding his assistance unsatisfactory, Wyatt went to the assistant superintendent Walter Leapley and discussed the incident with him. Leapley called for a conference among Wyatt, Delaney, Narcisse, Bakewell (Delaney's supervisor), and Leapley. Leapley let both Delaney and Wyatt explain their positions. Leapley said Wyatt remained quiet during the meeting and then abruptly left. According to Wyatt, he left quickly because he knew the prison officials were not going to discipline Delaney.

After leaving the meeting, Wyatt went to the nurse's office. The nurse examined Wyatt's mouth, noted two small scrapes, but prescribed no medication or treatment.

Following the meeting, Leapley wrote a memorandum to the prison superintendent concerning Delaney's behavior. Leapley said that Delaney had used "poor judgment" in "putting his hands" on Wyatt and recommended that an entry on Delaney's file should be made mentioning Delaney's behavior.

Wyatt filed a formal grievance with prison officials. The prison decided not to discipline Delaney further because the incident was "unintentional." Dissatisfied with this response, Wyatt brought this action in district court.

The district court applied a four-part test to determine whether Delaney's actions violated the eighth amendment: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; and (4) whether force was applied maliciously and sadistically for the very purpose of causing harm. The district court cited *Davis v. Forrest*, 768 F.2d 257 (8th Cir.1985), and *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), in support of this test.[1]

■ Wyatt argues that because the force used by Delaney in this case was unnecessary, the remaining factors in the test used by the district court become unimportant. We agree with Wyatt to the extent that the test used by the district court may mischaracterize the law. In *Whitley v. Albers*, 475 U.S. at 312, 106 S.Ct. at 1084, 89 L.Ed.2d at 261, the Supreme Court endorsed the rule that in cases not involving matters of institutional security, a court should apply the deliberate indifference standard (or its equivalent), i.e., whether an official has acted with "deliberate indifference to a prisoner's serious illness or injury." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)) (deliberate indifference to prisoner's serious medical needs is cruel and unusual punishment). The Supreme Court established that the fourth factor of the test used by the district court—whether force was applied maliciously or sadistically for the very purpose of causing harm—should be applied in cases "[w]here a prison security measure is undertaken to resolve a disturbance." *Id.* Since this case clearly does not involve a prison disturbance or even a prison security measure, the fourth factor should not be applied to it.

■ Nonetheless, we find the district court's holding that Delaney did not violate Wyatt's eight amendment rights was not clearly erroneous. The district court found that the most serious injury to Wyatt, the striking of the bolts on his mouth, was "accidental." We believe there is ample evidence in the record to support this finding. Delaney testified that he had forgotten that he was holding the bolts in his hand when he pushed Wyatt. A greater level of awareness of likely injury is necessary before deliberate indifference, or a similar degree of fault, can be attributed to Delaney's actions.

■ The other injury which Wyatt incurred was humiliation. This injury cannot be considered "accidental" because De-

---

1. Wyatt further argues that the district court improperly required the action of Delaney to be "so brutal, demeaning and harmful as to literally shock the conscience" before it would find an eighth amendment violation. Wyatt is correct in pointing out that this language could lead to a misapplication of law under *Whitley*, 475 U.S. at ——, 106 S.Ct. at 1085, 89 L.Ed.2d at 261–62. From its opinion, however, it is clear that the district court did not apply such a standard in this case.

laney purposely shoved Wyatt. Wyatt argues that this injury, although not severe, should be considered a violation of the eighth amendment since Delaney's action was not for security purposes. It is clear, however, that the extent of such an emotional injury must be considered, even though it was intentionally caused and was not for purposes of prison security. *See Burton v. Livingston,* 791 F.2d 97 (8th Cir.1986) (the severity of a threat by a guard considered although threat not pursuant to legitimate concerns for institutional security). The district court could have reasonably concluded that the emotional harm resulting from the shove in this case was only "bruised feelings" and thus *de minimis. See id.* at 100 (citing *Coyle v. Hughs,* 436 F.Supp. 591, 598 (W.D.Okla. 1977)).

Although we find no eighth amendment violation in this case, we do not condone the behavior of Delaney or the manner in which the incident was handled by prison officials. This Court, however, can do no more than reiterate the district court's advice that a state remedy for battery may still be available to Wyatt.