**Ernest C. WILLIAMS, Appellant,**

**v.**

**George ADAMS; Bill Armontrout; Unit Baysinger, Mgr.; Investigator Coonce; Arthur W. Dearixon; John Doe; Dave Dormire; Co. L. Lawson; Dick Moore; Paul Strause, Appellees.**

**No. 90–2201WM.**

United States Court of Appeals, Eighth Circuit.

Submitted May 24, 1991.

Decided June 11, 1991.

Appellant appeared pro se.

Deborah Neff, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before ARNOLD, WOLLMAN, and BEAM, Circuit Judges.

ARNOLD, Circuit Judge.

This is an action for damages brought by Ernest C. Williams, a Missouri prisoner, under 42 U.S.C. § 1983. Defendants are various officials and employees of the Missouri State Penitentiary. The District Court granted defendants' motion for summary judgment and dismissed the complaint with prejudice. In the main, we affirm. We hold, however, that plaintiff's Eighth Amendment claim, having to do with the conditions of his confinement while in a detention cell, raised genuine issues of material fact, making summary judgment inappropriate. As to this claim, accordingly, the judgment will be reversed, and the cause remanded for further proceedings consistent with this opinion.

Plaintiff's complaint raised a variety of claims: (1) that defendants had deprived him of property (a ring) without due process of law; (2) that defendants had deprived him of liberty without due process of law by placing him in administrative segregation, ostensibly for security reasons but really in order to punish him, without proper procedures; (3) that his due-process rights were further violated by failure to give him a hearing within 72 hours of confinement, as required by Mo. Rev.Stat. § 217.375.2; (4) that defendants deprived him of access to the courts; and (5) that the conditions of his confinement while in administrative segregation were so deficient as to amount to cruel and unusual punishment in violation of the Eighth Amendment, made applicable to the states by the Due Process Clause of the Fourteenth Amendment.

We are satisfied that the first four claims were properly dismissed. As to them, the appeal raises no significant question justifying the filing of a full published opinion.

The Eighth Amendment claim, though, stands on a different footing. The complaint alleges Williams was placed in "the hole" on March 17 and remained there for 13 days. He claims that he was denied personal hygiene items and clean clothes, and that the toilet in his cell kept overflowing. With respect to this claim, defendants' motion for summary judgment is supported by an affidavit averring that soap, clothing, toothpaste, and toothbrushes were available to Williams on request, and that he was offered a shower every other day. Williams filed no affidavits in opposition to the motion for summary judgment, and the District Court, explaining its decision to grant the motion, invoked the familiar rule that a party who wishes to oppose summary judgment may not simply rest on the allegations of his pleadings.

This holding, however, overlooked the fact that Williams's complaint was verified. A verified complaint is the equivalent of an affidavit for summary-judgment purposes, as we have clearly held. In *Spear v. Dayton's*, 733 F.2d 554 (8th Cir.1984), for example, we said:

> [W]hen [defendant's] motion for summary judgment was filed, there was already in the record the equivalent of an affidavit by plaintiff.... We do not believe that a litigant, especially one unrepresented by counsel, as was [plaintiff], is under a duty to repeat his verified allegation in a new affidavit. Such a requirement would simply multiply the filing of paper for no good purpose. This is not, in other words, a case of a plaintiff who simply rested on the unverified allegations of his pleadings. Plaintiff's sworn statement ... was already before the Court and, in our view, precluded the grant of summary judgment.

*Id.* at 555–56 (citations omitted). *Accord, Lair v. Oglesby*, 859 F.2d 605, 606 (8th Cir.1988) (per curiam); *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir.1988) (per curiam).

Further, the verified complaint stated a claim under the Eighth Amendment. It alleged, among other things, that the toilet in the cell did not work, and that it "continually [ran] over [and] leak[ed] onto the cell floor and the floor stay[ed] filthy with its wast[e]."

As to the Eighth Amendment claim, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.[1]

It is so ordered.

1. The motion of appellees to expand the record on appeal is granted, and we have considered the materials referred to in the motion.