986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Duane GLASS, Appellant,
v.
James PURKETT; Helen Scott; Trina Ballinger; Terry
Boothby, Appellees.
 No. 92-2097.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 13, 1993.
Filed: January 19, 1993.
 
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 
 PER CURIAM
 BACKGROUND
 
 1
 Duane Glass appeals from a decision of the district court denying his motion for summary judgment and dismissing his complaint for failure to state a cause of action. For reversal, Glass asserts a violation of his constitutional right to due process in that he was wrongfully assigned to and retained in the Farmington Correctional Center in Farmington, Missouri. A careful review of the record convinces us that Glass's constitutional rights were not violated by the assignment or the retention. We therefore affirm.
 
 FACTS
 
 2
 On December 11, 1990, Glass was transferred from the Fulton Reception and Diagnostic Center to the Farmington Correctional Center (Farmington), where he was assigned to administrative segregation.[1] On December 12, 1990, Glass received a classification hearing before the Adjustment Committee, where he was advised that he was recommended for administrative segregation because of his record as an escapee. He received a thirty-day review on January 9, 1991 and special reviews on January 23 and 25. At the later hearing, it was determined that Glass was wrongfully assigned to administrative segregation. He was released to the general population on January 28, 1991.
 
 DISCUSSION
 
 3
 In our view, Glass was given all the process he was due. See Knight v. Armontrout, 878 F.2d 1093 (8th Cir. 1989). The fact that he was improperly assigned and retained in segregation for a short period does not give rise to a colorable constitutional claim.
 
 
 4
 Glass also argues that the district court erred in dismissing his complaint insofar as it alleged an Eighth Amendment violation. Glass bases this argument on the fact that while in segregation, he was deprived of his "cosmetics"[2] and was forced to sleep on a filthy mattress.[3] We need not decide whether Glass's allegations implicating the Eighth Amendment are sufficient to survive a motion for summary judgment for two reasons. First, when Glass moved for summary judgment on the due process issue, he neither requested a judgment on his Eighth Amendment claim nor indicated that he was reserving the claim for trial. Second, he failed to plead specifically that any of the named defendants were in any way involved in the deprivations.
 
 
 5
 Accordingly, we affirm the decision of the district court.
 
 
 
 [1]
 Both facilities are part of the Missouri prison system
 
 
 [2]
 In a prior administrative complaint filed December 12, 1990, Glass stated that he was not given his toothbrush, toothpaste, soap, writing, materials, stamps, and cigarettes
 
 
 [3]
 See Williams v. Adams, 935 F.2d 960 (8th Cir. 1991), and Nitcher v. Does, 956 F.2d 796 (8th Cir. 1992), on the question of whether deprivation of these articles of personal hygiene constitutes a violation of the Eighth Amendment