991 F.2d 454
 Vickie FOULKS, individually and as administrator of the
Estate of George Edward Cornelious, Jr., Plaintiff-Appellee,
v.
COLE COUNTY, MISSOURI; John Hemeyer; George Brooks;
Defendants-Appellants,
Douglas Wheeler; Physicians Corporate Medical Group, doing
business as Emergency Physicians, Incorporated,
Inc.; Defendant,
John Huckstep, Jailer; Joey Eicken, Jailer; Gene Bechel;
Randy Marr, Jailer; Alan Proctor; Jeffrey Payne;
Phillip Smart; Mark Robinett,
Defendants-Appellants.
 No. 92-2191.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 12, 1993.
Decided April 14, 1993.
 
 Nathan Nickolaus, Jefferson City, MO, argued, for defendants-appellants.
 Mary Lou Rouhandeh, Carbondale, IL, argued, for plaintiff-appellee.
 Before RICHARD S. ARNOLD, Chief Judge, and FLOYD R. GIBSON and REAVLEY,* Senior Circuit Judges.
 FLOYD R. GIBSON, Senior Circuit Judge.
 
 
 1
 Cole County, Missouri, John Hemeyer, George Brooks, John Huckstep, Joey Eicken, Gene Bechel, Randy Marr, Alan Proctor, Jeffrey Payne, Phillip Smart, and Mark Robinett ("the defendants") appeal the district court's[1] denial of summary judgment based on qualified immunity. We affirm.
 
 I. BACKGROUND
 
 2
 George Cornelious was assaulted and severely beaten by an unknown number of individuals on October 13th, 1989, and was taken to the Still Regional Medical Center emergency room. While Doctor Douglas Wheeler treated Cornelious, police officers discovered that Cornelious had an outstanding felony warrant in Illinois. Wheeler released Cornelious into the custody of Jefferson City police officers and provided the officers with a head injury instruction sheet concerning the monitoring of Cornelious' head injury. The officers took Cornelious to the Cole County Jail at approximately 3:40 a.m. and gave John Huckstep, the jailer on duty, the head injury instruction sheet to place in Cornelious' file. Huckstep then called the jail administrator, Mark Robinett, to report that Cornelious had been brought to the jail with bruises and other injuries. At 5:40 a.m., Huckstep again called Robinett to report that Cornelious had stated he was sick and throwing up blood.
 
 
 3
 The following day Cornelious' mother, Vickie Foulks, called Cornelious and noticed that his speech was slurred. Foulks, who is a nurse, contacted the Cole County Jail and asked the jailer on duty to check on Cornelious because she believed that his slurred speech indicated a possible closed head injury. Foulks then drove from Pulaski, Illinois to the Cole County Jail in Jefferson City. Foulks asked to see Cornelious and/or bring in a doctor to examine Cornelious at her expense. Jeffrey Payne, the jailer on duty, denied both requests.
 
 
 4
 On October 16th at approximately 11:00 a.m. Deputy George Brooks went to Cornelious' cell to remove him for an extradition hearing. Brooks noticed that Cornelious was lethargic and had difficulty staying awake. Dr. Thomas Hancock examined Cornelious and sent him to the Still Regional Medical Center. After several days of treatment, doctors discovered that Cornelious' brain had swollen to a point that could not be controlled by medication. Doctors operated and removed a portion of Cornelious' brain, leaving him severely impaired.[2] Foulks brought this action against Cole County, Missouri, its sheriff, deputy sheriff and various jailers at Cole County Jail, alleging a 42 U.S.C. § 1983 claim for failure to provide Cornelious with adequate medical care. After the close of discovery, the defendants filed a motion for summary judgment. The district court denied the motion and the defendants appeal.[3]
 
 II. DISCUSSION
 
 5
 Government officials performing discretionary functions are shielded from liability for civil damages in § 1983 actions unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Foulks alleges that the defendants were deliberately indifferent to Cornelious' need for medical treatment in violation of his constitutional rights. We must make a three-part inquiry to determine whether the defendants are entitled to qualified immunity: first, we determine whether Foulks has asserted a violation of a constitutional right; second, we determine whether the allegedly violated constitutional right was clearly established; and third, we determine if, given the facts most favorable to the plaintiff, there are no genuine issues of material fact as to whether a reasonable official would have known that the alleged actions violated that right. Cross v. City of Des Moines, 965 F.2d 629, 631-32 (8th Cir.1992).
 
 
 6
 There is no question that Cornelious has satisfied the first two prongs of the inquiry. A prisoner's right to medical care, which Foulks alleges to have been violated, was clearly established at the time Cornelious was detained in the Cole County Jail. In 1976 the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (citation omitted). The Court also noted that such treatment violates the Eighth Amendment "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05, 97 S.Ct. at 291-92 (footnotes omitted). Thus, in order for Cornelious to establish a violation of his constitutional rights,[4] he must show that there is a genuine issue of material fact as to whether the defendants were deliberately indifferent by failing to provide or allow proper medical treatment.
 
 
 7
 The defendants argue the district court failed to consider the particular circumstances of this case in determining whether a reasonable officer in the defendants' position would have known that his action or inaction would violate Cornelious' rights. We disagree. The court looked at the following evidence presented by Foulks in making its determination that the defendants were not entitled to qualified immunity. In the early morning hours of October 13th, 1989, Cornelious was brought directly from a hospital to Cole County Jail with an instruction sheet concerning the monitoring of his condition. The jailer on duty called the jail administrator to notify him that a bleeding and bruised prisoner had been brought in to the jail. Several hours later Cornelious complained of feeling sick and throwing up blood; the jailer again notified the administrator, but no other action was taken. The following morning after Foulks had spoken to Cornelious' on the phone, Foulks called the jailer to request that he check on her son because she believed his slurred speech was an indication of a serious head injury. When Foulks arrived several hours later to check on Cornelious, she was denied the right to visit her son and/or bring in a doctor even though the jail policy manual stated that an inmate may contract with a private physician for treatment at his own expense. Once jail personnel noticed Cornelious' deteriorated condition two days later, his condition was so serious that it required immediate hospitalization and surgery.
 
 
 8
 Foulks' allegations raise factual issues as to whether the defendants deliberately disregarded Cornelious' condition and Foulks' request for medical care. The defendants have failed to show that their actions were objectively reasonable in light of clearly established law. The law was clearly established at the time of Cornelious' injury that if a reasonable official would have known that observation and treatment was necessary, the refusal to provide access to the treatment would constitute deliberate indifference to Cornelious' constitutional rights. Because Foulks has alleged a sufficient claim of deliberate indifference to withstand the defendants' motion for qualified immunity, we affirm the district court.
 
 III. CONCLUSION
 
 9
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 Cornelious died in an unrelated car accident since the filing of this lawsuit
 
 
 [3]
 An order denying a defendant's claim of qualified immunity is immediately appealable. Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817-18, 86 L.Ed.2d 411 (1985)
 
 
 [4]
 The Supreme Court has held that pretrial detainees are entitled under the Fourteenth Amendment to at least as great protection as afforded convicted prisoners under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979) ("[P]retrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners." However, this court has not determined "whether a pretrial detainee is entitled to greater protection than is found in the eighth amendment against prison officials' deliberate indifference to their serious medical needs." Wayland v. City of Springdale, Ark., 933 F.2d 668, 671 n. 4 (8th Cir.1991); Boswell v. County of Sherburne, 849 F.2d 1117, 1121 (8th Cir.1988), cert. denied, 488 U.S. 1010, 109 S.Ct. 796, 102 L.Ed.2d 787 (1989). Thus, we review Foulks' claim under the clearly established constitutional standard set forth in Estelle