Thomas A. MUNZ, Appellee,

v.

Tobin MICHAEL, Deputy U.S. Marshal;
Kirk Papenthien, Deputy U.S.
Marshal, Appellants,

David R. Hansen, U.S. District
Judge, Defendant.

No. 93–1865.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 17, 1994.

Decided July 1, 1994.

796

Ana Maria Martel, Cedar Rapids, IA, argued, for appellants.

Robert L. Sikma, Sioux City, IA, argued, for appellee.

Before McMILLIAN, WOLLMAN and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

This case involves a *Bivens* action by Thomas A. Munz against United States Deputy Marshals Kirk Papenthien and Tobin Michael (defendants) for violation of his Eighth Amendment rights based on a claim of use of excessive force. Defendants moved for summary judgment on the merits and based on qualified immunity. The district court[1] denied defendants' summary judgment motion on the merits and on their defense of qualified immunity. Defendants appeal. We affirm.

## I. BACKGROUND

The facts in this case are hotly contested. Because this case comes to us from a denial of defendants' summary judgment motion, however, we recount the facts in the light most favorable to Munz, the non-moving party. *See Gregory v. City of Rogers*, 974 F.2d 1006, 1007 (8th Cir.1992) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 1265, 122 L.Ed.2d 661 (1993).

---

1. The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska, sitting by designation.

On December 26, 1989, pursuant to an arrest warrant and a writ of habeas corpus *ad prosequendum,* defendants took Munz from Fort Madison, Iowa—where he was serving a state prison sentence—to Sioux City, Iowa. On their way to Sioux City, the defendants decided to stay overnight in Linn County and to house Munz in the Linn County Jail. During the trip, Munz, who was bound hand and foot, became violent and proceeded to vandalize the interior of the squad car.[2] When defendants arrived at the Linn County Jail, Munz claims that he was passive and sought to cooperate fully with the authorities.

In his verified complaint, Munz claimed the following events occurred upon his arrival at the Linn County Jail:

> [S]uddenly [Munz] was grabbed with many pairs of hands, slammed with great force and violence against a brick wall, knocking his glasses off, and then lifted up and carried by jailers and marshals.... The jailers and Marshals carried [Munz] into what is referred to as a padded cell.... Before entering the padded cell, a Marshal told the jailers "get him in here, then we can fuck him up." ... After jailers and Marshals carried [Munz] into the padded cell, they threw him to the floor with great force and violence....[;] they pulled [Munz] over onto his stomach, and began kicking him and stomping on him with their feet....[;] they jumped on his back with the full weight of their body [sic] landing on [Munz] with their knees....[;] they knelt on [Munz's] back which made it difficult for [Munz] to breathe.... One Marshal, in particular, knelt on [Munz's] back right side, while a jailer was pulling [Munz's] hair and slamming his face onto the floor.... During this time, [Munz] was still in belly chain, hand cuffed [sic] to it, and had leg irons on his legs.

Munz's Compl., Dist.Ct.Doc. 5, at 5. Medical records reflect that after the alleged beating Munz showed signs of, at most, rib contusions.

In January 1991, Munz filed a pro se complaint in the United States District Court for the Northern District of Iowa alleging that defendants had beaten him at the Linn County Jail on December 26, 1989. Munz also claimed that a United States district judge had ordered the beatings and that the medical staff at the Linn County Jail had been deliberately indifferent to his medical needs. Defendants moved for summary judgment.

The district court dismissed all of Munz's claims except for the use of excessive force claim. Although Munz failed to respond to defendants' summary judgment motion, the district court determined that Munz's verified complaint was sufficient to create genuine issues of material fact that precluded the grant of summary judgment. The district court also held that defendants were not entitled to qualified immunity because "the law was clearly established at the time of the incident ... that an officer is not entitled to beat a bound prisoner in a jail cell.... [A]nd a reasonable deputy marshal would know as much." *Munz v. Michael,* No. 91 Civ. 4005, slip op. at 5 (N.D.Iowa Sept. 15, 1991) (hereinafter "Dist.Ct.Op."). Defendants filed a motion to reconsider their summary judgment motion on the merits and based on their qualified immunity defense. The district court granted the motion to reconsider but again denied defendants' summary judgment motion on the merits and on their qualified immunity defense. Defendants timely appeal.

## II. DISCUSSION

■ We have jurisdiction to review the district court's denial of defendants' qualified immunity defense, and we may review the case on the merits. *See Krueger v. Fuhr,* 991 F.2d 435, 437–38 (8th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 386, 126 L.Ed.2d 335 (1993); *Gometz v. Culwell,* 850 F.2d 461, 463 (8th Cir.1988). Defendants make two arguments on appeal. First, they argue that the district court improperly denied their summary judgment motion because Munz's allegations are implausible and are insufficient to establish a genuine issue of material fact. Second, defendants argue that

---

**2.** A jury has convicted Munz of destruction of government property based on the over $1000 damage that Munz inflicted on the squad car.

the district court improperly denied their qualified immunity defense because Munz's allegations, even if true, did not establish a violation of a constitutional right clearly established as of December 26, 1989.

■■■ The first issue is whether Munz was a pretrial detainee or a prisoner. On December 26, 1989, Munz was a state prisoner released from state prison into the custody of defendants pursuant to a writ of habeas corpus *ad prosequendum.*[3] "[I]ssuance of [a] writ of habeas corpus *ad prosequendum* d[oes] not alter [the defendant's] custody status. It merely change[s] the location of his custody for the sentence he was already serving." *Sinito v. Kindt,* 954 F.2d 467, 469 (7th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 2316, 119 L.Ed.2d 235 (1992); *cf. United States v. Roy,* 830 F.2d 628, 631 (7th Cir.1987) ("While defendant was a state prisoner in temporary federal custody in Florida," pursuant to a writ of habeas corpus *ad prosequendum,* "his Connecticut state sentence expired and he became a federal pretrial detainee."), *cert. denied,* 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988). We conclude that Munz was a prisoner protected by the Eighth Amendment.[4]

### A. Summary Judgment on Merits

■■ Defendants argue that Munz's complaint is insufficient to create a genuine issue of material fact as to his Eighth Amendment excessive force claim. In particular, defendants argue that Munz's allegations of a violent beating are implausible in light of the uncontradicted medical evidence that indicates that Munz suffered, at most, rib contusions. Therefore, defendants argue that the district court improperly denied their summary judgment motion.

■■■ "In reviewing a denial of summary judgment, we apply the same standard as

that applied by the district court." *Cole v. Bone,* 993 F.2d 1328, 1331 (8th Cir.1993). "A motion for summary judgment should be granted if ... there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Id.* (internal quotes omitted). "Because this case comes to us on the [defendants'] motion for summary judgment, the [plaintiff's] evidence *'[must] be believed,* and all justifiable inferences [must] be drawn in [the plaintiff's] favor.'" *Gregory,* 974 F.2d at 1007 (emphasis added). This court may neither weigh evidence nor make credibility determinations. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Further, "[a] verified complaint is the equivalent of an affidavit for summary-judgment purposes." *Williams v. Adams,* 935 F.2d 960, 961 (8th Cir.1991).

■■■ In determining whether Munz has produced sufficient evidence of an Eighth Amendment violation based on use of excessive force, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* — U.S. ——, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The factors that inform this ultimate inquiry are "[1] the need for the application of force, [2] the relationship between the need and the amount of force that was used, [and] [3] the extent of injury inflicted.'" *Whitley v. Albers,* 475 U.S. 312, 321, 106 S.Ct. 1078, ——, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)); *see also Hudson,* — U.S. at ——, 112 S.Ct. at 999.

We conclude that Munz has produced sufficient evidence to produce a genuine issue as to a material fact that precludes the grant of summary judgment.[5] For summary judg-

---

3. A writ of habeas corpus *ad prosequendum* is "[a] writ which issues when it is necessary to remove a prisoner in order to *prosecute* in the proper jurisdiction wherein the fact was committed." *Black's Law Dictionary* 638 (5th ed. 1979).

4. Even if Munz were a pretrial detainee, a pretrial detainee is entitled to at least as much protection as a convicted prisoner. *Foulks v.*

*Cole County,* 991 F.2d 454, 457 n. 4 (8th Cir. 1993).

5. We note that dismissal of Munz's complaint pursuant to 28 U.S.C. § 1915(d) is inappropriate because Munz's "disputed assertion that excessive force was used to subdue him [was] neither irrational nor wholly incredible." *See Johnson v. Bi-State Justice Ctr.,* 12 F.3d 133, 135 (8th Cir. 1993).

ment purposes, we must believe the allegations in Munz's verified complaint as they are evidence to the same extent as statements in a sworn affidavit. *See Williams,* 935 F.2d at 961. Munz alleged in his verified complaint that he was bound hand and foot and sitting peacefully in the defendants' squad car when he was (1) grabbed and slammed against a brick wall, (2) threatened with a violent beating, (3) thrown violently to the floor of a padded cell, (4) kicked and jumped on by jailers and marshals, and (5) grabbed by the hair and had his face slammed against the floor.

▇▇▇ The first and third *Whitley* factors arguably weigh in favor of defendants because there was an objectively reasonable need for the defendants to apply some force [6] and Munz may not have suffered severe injuries.[7] However, *Whitley* factor two—the relationship between the force required and the force applied—supports the district court's denial of summary judgment. Munz alleges that, while he was chained, the defendants made statements indicating that they were going to beat him once they got him into the padded cell. Munz also alleges that, once in the padded cell, the defendants beat him violently. A jury reasonably could find that defendants' application of force was not a good-faith effort to maintain or restore discipline; rather, a jury could find that such force was applied maliciously and sadistically for the very purpose of causing harm. *See Hudson,* — U.S. at —, 112 S.Ct. at 999; *Whitley,* 475 U.S. at 320–21, 106 S.Ct. at 1085. Thus, we conclude that the district court properly denied defendants' summary judgment motion on the merits.

## B. Qualified Immunity

▇▇▇ Defendants argue that the district court improperly denied their defense of qualified immunity. In particular, defen-

dants argue that under the four-part test set out in *Wyatt v. Delaney,* 818 F.2d 21, 23 (8th Cir.1987), Munz has failed to demonstrate that defendants violated Munz's clearly established Eighth Amendment rights. Defendants' Br. at 29. We disagree.

"Government officials performing discretionary functions are shielded from liability for civil damages by qualified immunity as long as their 'conduct does not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have known.'" *Cole,* 993 F.2d at 1332 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). "[T]o decide whether an official is protected by qualified immunity, a court must determine whether the official's action was objectively legally reasonable in the light of the legal rules that were clearly established at the time the action occurred." *Id.*

▇▇▇ The qualified immunity inquiry involves a two-step process. First, this court must determine whether the plaintiff has alleged a violation of a constitutional ·right. *Beck v. Schwartz,* 992 F.2d 870, 871 (8th Cir.1993) (per curiam) (citing *Seigert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991)). Second, this court must determine whether that constitutional right was clearly established at the time that the officials acted. *Cole,* 993 F.2d at 1332. "This court has ... taken a broad view of what constitutes 'clearly established law' for the purposes of a qualified immunity inquiry...." *Boswell v. Sherburne County,* 849 F.2d 1117, 1121 (8th Cir.1988), *cert. denied,* 488 U.S. 1010, 109 S.Ct. 796, 102 L.Ed.2d 787 (1989); *accord Hall v. Lombardi,* 996 F.2d 954, 958 (8th Cir.1993). For the law to be clearly established, "[i]t is only necessary that the unlawfulness of the official's act [be] apparent in view of pre-existing law." *Id.*

---

**6.** Although Munz claims that there was no need for use of force, a jury has convicted Munz of destroying government property based on his destruction of the inside of defendants' squad car. Thus, defendants' claim that force was necessary to transport Munz from the squad car to the jail was objectively reasonable.

**7.** While some injury is required in order to establish an Eighth Amendment violation, *see Cum-*

*mings v. Malone,* 995 F.2d 817, 822–23 (8th Cir.1993), the plaintiff need not suffer a "serious injury." *See Hudson,* — U.S. at —, 112 S.Ct. at 999 (absence of serious injury is relevant to, but does not end, Eighth Amendment inquiry); *see also Hickey v. Reeder,* 12 F.3d 754, 757 (8th Cir.1993) (noting that "extreme pain can be inflicted with little or no injury").

Because we already have determined that Munz has asserted a violation of his Eighth Amendment rights, *see supra* part II.A., we turn to whether this constitutional right was clearly established by December 26, 1989, the date of the alleged violation. The district court held that "the law was clearly established at the time of the incident ... that an officer is not entitled to beat a bound prisoner in a jail cell.... [A]nd a reasonable deputy marshal would know as much." Dist. Ct.Op. at 5. We agree.

At the time of the incident, this court analyzed excessive force violations under the four-part test of *Wyatt v. Delaney*, which, in turn, was adopted from the factors set out in *Whitley v. Albers. See* 818 F.2d at 23; *see also Cowans v. Wyrick*, 862 F.2d 697, 699 (8th Cir.1988) (applying *Whitley* factors to excessive force claim). Under *Wyatt*, the four factors that informed an excessive-force inquiry were "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; and (4) whether force was applied maliciously and sadistically for the very purpose of causing harm." 818 F.2d at 23. These are the same factors that we applied when we determined that the allegations in Munz's verified complaint were sufficient to withstand a summary judgment motion. Thus, we conclude that the law was clearly established that the conduct alleged in Munz's verified complaint violated Munz's Eighth Amendment right to be free of cruel and unusual punishment.

Further, the fact that Munz's medical records indicate that Munz may not have sustained serious injury as a result of the alleged beating does not compel a different result. Although " '[n]ot every push or shove ... violates a prisoner's constitutional rights," *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir.1985), Munz has alleged much more than a malevolent push or shove. Munz alleges that, while he was

bound hand and foot, defendants took him into a padded cell and beat him violently. *Cf. Buckner v. Hollins*, 983 F.2d 119, 123 (8th Cir.1993) (clearly established in December 1988 that prison official violated Eighth Amendment when he stood by and watched a cuffed and naked prisoner beaten by other prison officials). Although the Eighth Circuit did require, and still does require, that a plaintiff suffer some injury to establish an Eighth Amendment violation, *Cummings*, 995 F.2d at 822–23, defendants' own evidence would justify a jury finding that Munz did sustain an injury.[8] *See* Defendants' Br.Add. at 27 ("Exam ... Soreness right anterior ribs"; "Diagnosis—1) Rib cage contusion, rule out fracture"); *cf. Cowans*, 862 F.2d at 700 (stating that evidence of injury necessary to prove Eighth Amendment claim but equating injury with "anguish, misery or pain").[9] We are confident that prison officials reasonably should have understood in December 1989 that they were violating a prisoner's Eighth Amendment rights if they beat him while he was bound hand and foot in a padded cell, even though the prisoner may have sustained no serious injury. *Cf. Buckner*, 983 F.2d at 123.

Thus, we conclude that the district court properly denied defendants' qualified immunity defense.

### III. CONCLUSION

For these reasons, we affirm the judgment of the district court.

WOLLMAN, Circuit Judge, dissenting.

I dissent.

---

8. We express no opinion as to whether Munz's injury resulted from the alleged beating or was self inflicted.

9. In *Cowans*, a prisoner claimed that a guard had slammed a cell door on his hand and "that his hand swelled, turned black and blue, and was

immediately painful." 862 F.2d at 698. The *Cowans* court allowed the case to go to the jury to determine whether the prisoner's claimed injury rose to the level of cruel and unusual punishment. *Id.* at 700.