# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1796

_____

| | |
|---|---|
| Thelma Hall, | * |
| | * |
| Plaintiff/Appellee, | * |
| | * |
| v. | * |
| | * Appeal from the United States |
| Missouri Highway & Transportation | * District Court for the |
| Commission, | * Eastern District of Missouri. |
| | * |
| Defendant, | * |
| | * |
| Ron Hopkins, | * |
| | * |
| Defendant/Appellant. | * |

_____

Submitted: September 13, 2000
Filed:  December 21, 2000

_____

Before WOLLMAN, Chief Judge, BRIGHT, and BYE, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Thelma Hall sued her employer, the Missouri Highway and Transportation Commission ("MHTC"), claiming that her supervisor, Ron Hopkins, violated her First Amendment rights by retaliating against her when she complained that he discriminated against her because she was an older woman.  The district court denied

Hopkins's motion for summary judgment based on qualified immunity. Hopkins appeals the district court's[1] denial of his motion. We affirm.

## I.    BACKGROUND

The MHTC is a part of the executive branch of the Missouri State government. The MHTC oversees the operations of the Missouri Department of Transportation ("MoDOT"). MoDOT has divided Missouri into ten geographical districts, each having its own MoDOT administrative office. Ron Hopkins was the Human Resources Manager for the district six office. Thelma Hall was his secretary.

Hall started working at MoDOT as a typist in 1969. She was promoted to secretary in 1970, and to senior secretary in 1971. Hopkins selected Hall as his secretary in 1987, and he has always regarded her as a competent employee. Her most recent performance appraisal comments: "Works extremely carefully. Attention to detail is particularly strong," and, "[a] hard worker who doesn't like leaving work undone. Output is above level that would be considered acceptable." (Add. at 2.) Hall's other performance appraisals contain similar remarks. Over the past several years, however, these same performance appraisals also refer to Hall's constant complaining.

Hall claims discrimination against older women in her department. She maintains that older secretaries with seniority were passed over for promotions while younger secretaries were promoted. She argues that Hopkins showed a preference for younger women in 1993, when he hired a young college graduate to fill the newly created human resources specialist position. She further argues that MoDOT discriminated when it

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

classified the senior secretaries, primarily women over forty years old, at a lower grade than the younger human resources specialists.

On March 17, 1995, Hall told Hopkins that Melissa Hubbs, the human resources specialist, made a coding mistake. Hopkins asked Hall to fix the error. In response, Hall suggested that Hubbs correct her own mistake so that she might learn from it. Hall also said that she had more pressing work and would correct the error when she had more time. Although the exact exchange is disputed, the parties agree that Hopkins went to his supervisor and his supervisor asked Hall to leave work. Later, Hall was terminated.

II.    DISCUSSION

A district court's denial of a summary judgment based on qualified immunity is immediately appealable. Collins v. Bellinghausen, 153 F.3d 591, 595 (8th Cir. 1998). We review a grant of summary judgment de novo, LeBus v. Northwestern Mut. Life Ins. Co., 55 F.3d 1374, 1376 (8th Cir. 1995); we review a question of qualified immunity de novo, Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998); we view all the facts in the light most favorable to the nonmoving party; and we give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Defendant Hopkins argues that the district court erred in determining that he is not entitled to qualified immunity. Plaintiff Hall maintains that Hopkins is not entitled to qualified immunity because her discrimination complaints constitute protected speech under the First Amendment.

"Qualified immunity shields government officials from suit unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." Yowell v. Combs, 89 F.3d 542, 544 (8th Cir. 1996) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  To withstand the application of qualified immunity, a plaintiff must assert a violation of a constitutional right; that right must have been clearly established at the time of the violation; and, given the facts most favorable to the plaintiff, there must be no genuine issues of material fact as to whether a reasonable official would have known that the alleged action violated that right.  Id. (citing Foulks v. Cole County, Mo., 991 F.2d 454, 456 (8th Cir. 1993)); see also Buckley v. Rogerson, 133 F.3d 1125, 1129 (8th Cir. 1998) (citing Burnham v. Ianni, 119 F.3d 668, 673-74 (8th Cir. 1997) (en banc)).

First, we must determine whether Hall has claimed that her constitutional rights were violated.  Munz v. Michael, 28 F.3d 795, 799 (8th Cir.1994) (citing Beck v. Schwartz, 992 F.2d 870, 871 (8th Cir. 1993) (per curiam)).  Hall claims that she was terminated in retaliation for exercising her First Amendment right to free speech.  See, e.g., Rankin v. McPherson, 483 U.S. 378, 383 (1987) ("It is clearly established that a State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech.").  Therefore, Hall has claimed that she suffered a violation of her constitutional rights to freedom of speech.

Second, we must determine whether Hall's speech fell under the protection of the First Amendment.  To determine whether her speech was protected by the First Amendment, we must determine whether Hall's speech touched on a matter of public concern.  Sexton v. Martin, 210 F.3d 905, 910 (8th Cir. 2000).

Hopkins concedes that Hall's speech touched upon a matter of public concern. See Connick v. Myers, 461 U.S. 138, 148 n.8 (1983) (determining that racial discrimination is a matter of public concern); see also Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1411 (8th Cir. 1990) (alleging racial discrimination by a

superior officer is a matter of public concern) (citing Connick, 461 U.S. at 146). As the district court concluded, "the record suggests that Plaintiff complained of an overall pattern of discrimination against older women in her district." (Add. at 17.) Therefore, for the purpose of summary judgment in this case, Hall made a sufficient showing of a First Amendment violation because her complaints related to a matter of public concern.

Before we employ the Pickering balancing test, we must determine whether Hopkins has produced sufficient evidence that Hall's speech disrupted MoDOT's operations. See Burnham, 119 F.3d at 678. Hopkins claims that Hall's speech disrupted MoDOT's operations. Specifically, he makes the following claims: He repeatedly told Hall that her behavior was inappropriate, he spoke with his supervisor about the problem, and he often modified his own work habits to accommodate Hall. Hopkins has produced sufficient evidence that Hall's conduct disrupted MoDOT's operations and, therefore, we must apply the Pickering balancing test.

The district court reviewed the evidence in a light most favorable to Hall and concluded that the Pickering balancing test tipped in favor of Hall's First Amendment rights. In particular, the district court noted affidavits submitted by two women testifying that they had made discrimination complaints to Hopkins and that Hopkins was hostile and unsympathetic. In response, Hopkins maintains that he is entitled to qualified immunity because, once an employer engages the Pickering balancing test, the right cannot be clearly established. Hall argues that the disruption caused by her complaints did not have a sufficiently adverse impact on MoDOT's efficiency to outweigh her interest in speaking out about discrimination.

We have held that when the Pickering balancing test is at issue, the asserted First Amendment right will rarely be considered clearly established. Grantham v. Trickey, 21 F.3d 289, 293 (8th Cir. 1994) (quoting Buzek v. County of Saunders, 972 F.2d 992, 997 (8th Cir. 1992); see also Bartlett v. Fisher, 972 F.2d 911, 916 (8th Cir.

1992)).   We also have held, however, that no right is more clearly established than freedom of speech, <u>Casey v. City of Cabool, Mo.</u>, 12 F.3d 799, 804 (8th Cir. 1993), and that a state may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech, <u>id.</u> (quoting <u>Rankin</u>, 483 U.S. at 388).   We have also determined that speech alleging illegal misconduct by public officials occupies the "highest rung of First Amendment hierarchy."   <u>Sexton</u>, 210 F.3d at 913 (quoting <u>Barnard v. Jackson County, Mo.</u>, 43 F.3d 1218, 1225 (8th Cir.), <u>cert. denied</u>, 516 U.S. 808 (1995)).   When the employee's exercise of First Amendment rights conflicts with the employer's interest in regulating the speech of its employees, we must weigh the conflicting interests and, "arrive at a balance between the interest of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." <u>Pickering v. Board of Educ.</u>, 391 U.S. 563, 568 (1968).

Under the <u>Pickering</u> test, we apply six factors in balancing the plaintiff's interest in their speech and the employer's interest in promoting efficiency.   These factors include: (1) the need for harmony in the office; (2) whether the government's responsibilities require a close working relationship; (3) the time, manner, and place of the speech; (4) the context in which the dispute arose; (5) the degree of public interest in the speech; and (6) whether the speech impeded the employee's ability to perform his or her duties.   <u>Bowman v. Pulaski County Special Sch. Dist.</u>, 723 F.2d 640, 644 (8th Cir. 1983) (citing <u>Connick</u>, 461 U.S. at 151-54); <u>see also</u> <u>Belk v. City of Eldon</u>, 228 F.3d 872, 880-81(8th Cir. 2000).

We conclude that Hopkins is not entitled to qualified immunity.   The record before us shows that Hopkins and Hall had worked closely together.   The evidence also shows that their relationship deteriorated, and that by 1995, it developed into an enmity.   Hopkins acted unprofessionally; he raised his voice to Hall, he slammed doors, and he walked out on Hall while she was speaking to him.   Hopkins also

belittled Hall by making disparaging comments and by asking her to perform unnecessary work. Hall complained often and in a loud voice. Hall tried to lodge her discrimination complaints on a number of occasions, she was rebuffed by Hopkins, and by Hopkins's superiors, and she was discouraged from filing a formal complaint. In fact, several women made discrimination complaints to Hopkins and he was unresponsive and hostile. It is true that Hall's complaints disrupted MoDOT. However, we think that citizens have a strong interest in speaking out about discrimination and, therefore, under the record before us, we believe that the Pickering test tips in favor of Hall's protected speech.

III.    CONCLUSION

For the foregoing reasons, the district court properly denied Hopkins's motion for summary judgment.

Affirmed.

A true copy.

        Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-