08-2496-cv
LaPointe v. Winchester Bd of Ed

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February , two thousand ten.

PRESENT:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges*,
> TIMOTHY C. STANCEU,*
> *Judge, U.S. Court of International Trade.*

_____

David G. LaPointe,

                              *Plaintiff-Appellant*,

                    v.                                        No. 08-2496-cv

Winchester Bd of Ed, Robert S. Bixby Jr., Lynn A. Brewer,
Scott Goodell, Todd Hayward, Kathleen O'Brien,

                              *Defendants-Appellees.*

_____

For Plaintiff-Appellant:              DAVID G. LAPOINTE, *pro se*,
                                      Winchester, CT.

---

*Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

For Defendant-Appellee Winchester
Board of Education:                           NICOLE D. DORMAN, Karsten, Dorman &
                                              Tallberg, LLC, West Hartford, CT,

For Defendants-Appellees Robert S.
Bixby Jr., Lynn A. Brewer, Scott
Goodell, Todd Hayward and Kathleen
O'Brien:                                      ALEXANDRIA L. VOCCIO, Howd
                                              & Ludorf, LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant David G. LaPointe appeals *pro se* from an April 21, 2008 judgment of the district court granting summary judgment to the Defendants on his due process and First Amendment claims, brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the facts and procedural history of the case, which we reference only as necessary to explain our decision.

We review orders granting summary judgment *de novo* and determine whether the district court properly concluded there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202-03 (2d Cir. 1995).

On appeal, LaPointe contends that he has a constitutionally protected property interest in his elected position as the Chairman of the Winchester Board of Education sufficient to support a procedural due process claim. We have held, however, that elected officials lack such a

2

protected property interest in their elected offices because "'public offices are mere agencies or trusts, . . . not property.'" *Velez v. Levy*, 401 F.3d 75, 86 (2d Cir. 2005) (quoting *Taylor v. Beckham*, 178 U.S. 548, 577 (1900)); *see also Snowden v. Hughes*, 321 U.S. 1, 7 (1944) (reaffirming the holding of *Taylor*). LaPointe's attempt to distinguish his claim from those in *Velez*, *Taylor*, and *Snowden* based on the fact that his "relationship is between [himself] and the Board," Appellant's Br. at 5, rather than between himself and the public is unavailing. After LaPointe was elected Chairman, his position remained in the realm of a public agency or trust, and, similarly, the nature of his relation to the public as a public officer did not change. *See Taylor*, 178 U.S. at 577. He continued to hold office for the benefit of his community and, if anything, his election to Chairman conferred a heightened responsibility to the public.

We decline to consider LaPointe's First Amendment and substantive due process claims on appeal because his attorney explicitly waived those claims in both LaPointe's memorandum in opposition to the Defendants' motion for summary judgment and during oral argument before the district court. *See Laza v. Reish*, 84 F.3d 578, 580-81 (2d Cir. 1996). We deny LaPointe's motion to supplement the record on appeal as moot, because the videotapes he seeks to submit are not material to our disposition of this case.

We have carefully considered all of LaPointe's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3