Leon BURGESS, Appellant,

v.

Dick MOORE; Gary Blanks; Michael Groose; David Dobson; Tony Lander; Gerald Bommel, Caseworker; Eric Franks, Appellees.

No. 93–3441.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1994.

Decided Nov. 4, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 28, 1994.

Kevin Underhill, Kansas City, MO, argued, for appellant.

Bruce Farmer, Jefferson City, MO, argued (Jeremiah W. (Jay) Nixon, John R. Munich and R. Michelle Ward, on the brief), for appellees.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FAGG, Circuit Judge.

Missouri inmate Leon Burgess appeals the district court's order granting summary judgment to various corrections officers and supervisory officials on Burgess's 42 U.S.C. § 1983 claims against them. We affirm in part and reverse in part.

Burgess's claims arise from his disruption of a prison disciplinary hearing at the Jefferson City Correctional Center (JCCC). According to Burgess's verified complaint and affidavit, corrections officers David Dobson, Tony Lander, and Eric Franks responded to the disruption by holding Burgess, who was handcuffed, while another corrections officer, Gary Blanks, cursed and shouted racial slurs at Burgess as he tried to force a towel into Burgess's mouth. When this failed, Blanks wrapped the towel around Burgess's neck and choked him until he was nearly unconscious, causing Burgess "great pain and suffering." Assistant Superintendent of JCCC Gerald Bommel was present and watched, but did nothing.

In the district court, Burgess claimed the corrections officers used excessive force at the hearing in violation of the Eighth Amendment, and Dobson and Lander violated the First Amendment by threatening him with retaliation if he did not drop an internal prison grievance complaining about the force used at the hearing. The corrections officers and supervisory officials moved for summary judgment, offering the corrections officers' affidavits denying they choked or threatened Burgess. Adopting a magistrate judge's recommendation, the district court granted summary judgment against Burgess on all his claims.

■ On appeal, Burgess argues summary judgment was inappropriate because there are disputes about facts that are material to the legal elements of his claims. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In recommending summary judgment, the magistrate judge relied on Burgess's apparent failure to refute the corrections officers' affidavits with sworn or verified testimony. Under 28 U.S.C. § 1746, however, documents signed and dated under

penalty of perjury are treated as verified and satisfy affidavit requirements in federal proceedings. *Williams v. Browman,* 981 F.2d 901, 904 (6th Cir.1992). Because Burgess signed his complaint and affidavit under penalty of perjury, the magistrate judge should have treated both documents as verified.

Taking these documents into account, we conclude there are disputed issues of material fact precluding summary judgment on Burgess's Eighth Amendment claims. Summary judgment is appropriate on the excessive force claims against the corrections officers only if no reasonable jury could find the corrections officers used force against Burgess maliciously and sadistically for the purpose of causing him harm. *See Munz v. Michael,* 28 F.3d 795, 798 (8th Cir. 1994). Relevant factors that guide our summary judgment inquiry include the need for the force used, the relationship between the need and the amount of force used, and the extent of the injury inflicted. *Id.* Burgess's disruption clearly created a need for using force. In his verified documents, however, Burgess stated that instead of using the towel as a gag, the infuriated corrections officers used extreme choking before removing him from the room. Because we must credit Burgess's assertions for summary judgment purposes, we believe a jury could reasonably find the corrections officers went beyond a good faith attempt to restore order and acted with a malicious and sadistic desire to inflict harm. A choking that produces virtual unconsciousness and great pain is not trifling for Eighth Amendment purposes. *See Hudson v. McMillian,* —— U.S. ——, —— – ——, 112 S.Ct. 995, 999–1000, 117 L.Ed.2d 156 (1992). Also, because the corrections officers' actions at the disciplinary hearing remain disputed, summary judgment is not appropriate on a qualified immunity theory. *See Gainor v. Rogers,* 973 F.2d 1379, 1385 (8th Cir.1992). As for Burgess's Eighth Amendment claim against Bommel, a reasonable jury could find Bommel was deliberately indifferent when he failed to intervene after the corrections officers held Burgess down and began choking him. *See Buckner v. Hollins,* 983 F.2d 119, 122–23 (8th Cir.1993).

Although we reverse summary judgment on Burgess's Eighth Amendment claims against the corrections officers and Bommel, we affirm the district court's grant of summary judgment for Michael Groose, Superintendent of JCCC, and Dick Moore, Director of the Missouri Department of Corrections, neither of whom were present at the disciplinary hearing. Burgess cannot recover against Groose and Moore on a respondeat superior theory. *See Bolin v. Black,* 875 F.2d 1343, 1347 (8th Cir.), *cert. denied,* 493 U.S. 993, 110 S.Ct. 542, 107 L.Ed.2d 539 (1989). Further, Burgess failed to produce sufficient evidence from which a jury could reasonably conclude Groose and Moore were deliberately indifferent toward, were personally involved in, or had tacitly authorized the corrections officers' alleged misconduct. *See McDowell v. Jones,* 990 F.2d 433, 435 (8th Cir.1993).

The district court's grant of summary judgment on Burgess's First Amendment claims against Dobson and Lander was also improper. Although Burgess did not object to the magistrate judge's report recommending denial of his claim because he had failed to show a distinct injury, whether Burgess had shown sufficient injury to state a retaliation claim was a question of law. Thus, objection was not necessary to preserve appeal. *Halpin v. Shalala,* 999 F.2d 342, 345–46 (8th Cir.1993). Further, taking Burgess's assertions as true, summary judgment for Lander and Dobson is inappropriate because a threat of retaliation is sufficient injury if made in retaliation for an inmate's use of prison grievance procedures. *See Dixon v. Brown,* 38 F.3d 379, 379–80 (8th Cir.1994); *Sanders v. St. Louis County,* 724 F.2d 665, 666 (8th Cir.1983).

Finally, we decline to consider Burgess's conspiracy claim because the claim was not presented to the district court. *See Warden v. Wyrick,* 770 F.2d 112, 114 (8th Cir.), *cert. denied,* 474 U.S. 1035, 106 S.Ct. 600, 88 L.Ed.2d 579 (1985).

Accordingly we reverse the district court's grant of summary judgment on the Eighth Amendment claims against Blanks, Dobson, Lander, Franks, and Bommel, and on the

First Amendment claims against Dobson and Lander, and remand those claims for further proceedings. We affirm the district court's decision granting summary judgment on Burgess's other claims.