60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Ronald W. BREWER, Appellant,
v.
CORRECTIONAL MEDICAL SYSTEMS, INC.; Dr. Patrick Brady, Appellees.
 No. 94-2373.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 4, 1995.
Filed: July 14, 1995.
 
 Before BOWMAN, WOLLMAN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald W. Brewer, a prisoner at the Iowa State Penitentiary (ISP), appeals the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Brewer has heart disease and suffers from angina pectoris. He filed this pro se complaint against Correctional Medical Services and Dr. Patrick Brady, who provided medical services to ISP inmates, alleging that Dr. Brady tried to harm him by forcing him to take hydrochlorothiazide (HCTZ),[2] that Dr. Brady refused to see him in person, and that Brewer suffered needlessly from May to November 1992 while taking the medication. He indicated that Dr. Brady thus violated his Eighth Amendment rights. Defendants moved for summary judgment, submitting Brewer's medical records and Dr. Brady's affidavit in support.
 
 
 3
 After Brewer responded, the district court granted summary judgment in favor of defendants. The court concluded that, although Brewer's coronary disease was a serious medical need, he had failed to establish any factual dispute on whether Dr. Brady forced him to use HCTZ in the face of Brewer's adverse reaction to it. The court noted that defendants had supported their motion with evidence showing the lack of any controversy over the HCTZ, while Brewer had failed to establish a genuine issue for trial.
 
 
 4
 Initially, we note that, because Brewer's complaint was not verified, the district court properly refused to treat it as an affidavit. See Burgess v. Moore, 39 F.3d 216, 217-18 (8th Cir. 1994). To prevail on his Eighth Amendment claim, Brewer must demonstrate that defendants were deliberately indifferent to his serious medical needs. See Smith v. Jenkins, 919 F.2d 90, 92 (8th Cir. 1992). Deliberate indifference may be shown when prison staff intentionally deny or delay access to medical care, or act wantonly towards an inmate's needs. See Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990).
 
 
 5
 We have carefully reviewed the record before the court, and conclude that summary judgment was proper. Brewer's medical records show that Dr. Brady and ISP medical staff repeatedly examined Brewer during the time period in question, and that they responded to Brewer's frequent complaints about his condition. Nothing suggests Dr. Brady forced Brewer to take medication against his will, or wantonly ignored Brewer's condition, and any mistake in the prescription of HCTZ does not rise to the level of a constitutional violation under the circumstances of this case. Cf. Smith, 919 F.2d at 93 (grossly incompetent or inadequate care can constitute deliberate indifference).
 
 
 6
 Although Brewer places great weight on the fact that Dr. Brady lost his Michigan medical license in November 1992, Brewer has failed to show any connection between Dr. Brady's activities in Michigan and his treatment of Brewer at ISP. See Butler v. Dowd, 979 F.2d 661, 669-70 (8th Cir. 1992) (en banc) (section 1983 plaintiff must prove that defendant's unconstitutional conduct was "cause in fact" of plaintiff's injury), cert. denied, 113 S. Ct. 2395 (1993).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Mark W. Bennett, then United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c), now United States District Judge for the Northern District of Iowa
 
 
 [2]
 Hydrochlorothiazide is a diuretic and anti-hypertensive used to control hypertension and edema associated with congestive heart disease. Its side effects may include nausea, vomiting, dizziness, weakness, and hypotension. Physicians' Desk Reference 892-93 (47th ed. 1993)