# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4025

_____

Rodney Evans,                                  *

                                      *

          Appellant,                  *

                                      *

      v.                                  *

                                      *

Dora B. Schriro, Director, Missouri     *   Appeal from the United States

Department of Corrections;           *   District Court for the Eastern

Steve Long, Assistant Division        *   District of Missouri.

Director, Missouri Department of     *

Corrections; Michael Bowersox,      *       [UNPUBLISHED]

Superintendent, Potosi Correctional   *

Center; Gloria Gourley, Assistant     *

Superintendent, Potosi Correctional   *

Center; Cecilroy Pettus, Functional   *

Unit Manager Potosi Correctional    *

Center; Robert Martin, Caseworker   *

Assistant, Potosi Correctional Center;  *

Patricia Houseman, Caseworker, Potosi *

Correctional Center, Individually and  *

in their Official Capacity,           *

                                      *

          Appellees.                  *

_____

Submitted: July 3, 2003

Filed: August 26, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.
_____

PER CURIAM.

Missouri inmate Rodney Evans appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Having carefully reviewed the record, we conclude summary judgment was proper--for the reasons explained in the district court's order--as to Mr. Evans's claims that he was unconstitutionally exposed to environmental tobacco smoke (ETS); that he was subjected to retaliatory cell searches, a disciplinary, and transfer; and that his legal papers were destroyed. We thus affirm the dismissal of these claims. See 8th Cir. R. 47B.

However, Mr. Evans's claim that defendant Patricia Houseman threatened to send him to segregation if he did not stop filing complaints about ETS warrants remand. See Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994) (threat of retaliation is sufficient injury if made in retaliation for inmate's use of prison grievance procedure); Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (actions taken by prison officials against prisoner which would otherwise be proper become unconstitutional when taken in retaliation for prisoner's exercise of constitutional right). Accordingly, we reverse the dismissal of this retaliation claim against Ms. Houseman and remand for further proceedings; in all other respects, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.