# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

Nos. 09-3255/10-1664
_____

| | | |
|---|---|---|
| Ernest Cornelius Williams; | * | |
| Dorris Ellis Williams, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Judith Silvey, Correctional | * | |
| Officer I, Potosi Correctional Center; | * | [UNPUBLISHED] |
| Sarah Whitener, Correctional Officer | * | |
| II, Potosi Correctional Center; | * | |
| Unknown Menteer, Sergeant, | * | |
| Correctional Officer II, Potosi | * | |
| Correctional Center; Eric Dunn, | * | |
| CCW, Disciplinary Hearing | * | |
| Officer, Potosi Correctional Center; | * | |
| Kay Kline, Acting Functional Unit | * | |
| Manager, Potosi Correctional Center; | * | |
| Melody Haney, Functional Unit | * | |
| Manager/Acting Warden, Potosi | * | |
| Correctional Center; Cindy Griffith, | * | |
| AAW Potosi Correctional Center; Fred | * | |
| Johnson, Deputy Warden, Potosi | * | |
| Correctional Center; Don Roper, | * | |
| Warden, Potosi Correctional Center; | * | |
| Patricia Cornell, Deputy Division | * | |
| Director, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 27, 2010
Filed: May 11, 2010
_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, Missouri inmate Ernest Cornelius Williams and his wife Dorris Ellis (the Williamses) appeal the district court's dismissal of their complaint for failure to state a claim, the denial of their motion for a temporary restraining order and preliminary injunction, and the denial of their post-judgment motion to vacate an earlier order dismissing, prior to service of process, a number of defendants. We grant the Williamses leave to appeal in forma pauperis in No. 10-1664, and we affirm in part and reverse in part.

Initially, we conclude that the district court did not abuse its discretion in denying the Williamses' post-judgment motion under Federal Rule of Civil Procedure 60(b)(6) to vacate the preservice-dismissal order. See Hunter v. Underwood, 362 F.3d 468, 476 (8th Cir. 2004) (Rule 60(b)(6) motion cannot be used as substitute for timely appeal). Further, we lack jurisdiction to review the denial of a temporary restraining order, see Hamm v. Groose, 15 F.3d 110, 112-13 (8th Cir. 1994); and the district court did not abuse its discretion in determining that the broad preliminary injunction sought by the Williamses would be unduly burdensome on defendants in administering the prison, see CDI Energy Servs. v. W. River Pumps, Inc., 567 F.3d 398, 401-02 (8th Cir. 2009) (standard of review and relevant factors).

As to the dismissal of the Williamses' complaint for failure to state a claim, which we review de novo, liberally construing the complaint, see Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints are to be construed liberally); Burton v. Richmond, 276 F.3d 973, 975 (8th Cir. 2002) (standard of review), we agree with the district court that the Williamses included only conclusory allegations in support of their equal protection claims, and we affirm the dismissal of those claims, see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (plaintiff's obligation to provide grounds of entitlement to relief requires more than labels and conclusions).

However, we find that the district court erred in dismissing the retaliation claims against Correctional Officers Judith Silvey and Sarah Whitener. Liberally construed, the Williamses' pleadings can be understood to allege that Silvey and Whitener initiated false disciplinary proceedings against Ernest in retaliation for Ernest and Dorris previously filing grievances and complaining to prison officials about being mistreated in the visitation room. The complaint also alleged that Silvey threatened to discontinue the Williamses' visitation privileges if they continued to file grievances and complain to the warden about their treatment in the visitation room, and that she continuously harassed them during their visitation, or incited other officers to do so, to retaliate against the Williamses for their complaints about the visitation room. These allegations state an actionable retaliation claim. See Haynes v. Stephenson, 588 F.3d 1152, 1155-56 (8th Cir. 2009) (prisoner must show he exercised protected right and suffered discipline, and that exercise of protected right was motivation for discipline; filing disciplinary charge is actionable under § 1983 if done in retaliation for inmate filing grievance, because retaliatory disciplinary charge strikes at heart of constitutional right to seek redress of grievances); Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007) (alleged retaliatory action must be such that it would chill person of ordinary firmness from engaging in protected activity); Burgess

v. Moore, 39 F.3d 216, 218 (8th Cir. 1994) (threat of retaliation is sufficient injury if made in retaliation for inmate's use of prison grievance procedure).[1]

Accordingly, we affirm the denial of the preliminary-injunction motion, the denial of the post-judgment motion, and the dismissal of the equal protection claims. We reverse the dismissal of the retaliation claims against Silvey and Whitener, and we remand for further proceedings consistent with this opinion. On remand, we direct the district court to consider the merits of the motions that were denied as moot: the motions to file additional pleadings and for appointed counsel.

————————————————

---

[1]We disagree with the district court that the Williamses cannot maintain a suit against Silvey and Whitener in their official capacities, because the Williamses were seeking injunctive relief. See Will v. Michigan Dep't of State Police, 491 U.S. 58 71 n.10 (1989) (state official in his or her official capacity, when sued for injunctive relief, is person under § 1983 because official-capacity actions for prospective relief are not treated as actions against state).