**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2607

PATRICK WILSON

v.

KATE ZIELKE; PHILIP PISANI

Kate Zielke,

Appellant.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-06-cv-02450)
District Judge:  Hon. C. Darnell Jones, II

Argued on February 9, 2010

Before:  SLOVITER, ROTH and TASHIMA*, Circuit Judges

(Opinion filed: May 28, 2010)

Michael P. Laffey, Esquire **(Argued)**
Holsten & Associates
One Olive Street
Media, Pennsylvania   19063

Counsel for Appellant Kate Zielke

—————

*Honorable A. Wallace Tashima, Senior United States Circuit Judge for the Ninth
Circuit, sitting by designation.

Howard D. Popper, Esquire
Alan L. Yatvin, Esquire **(Argued)**
Popper & Yatvin
230 South Broad Street, Suite 503
Philadelphia, PA   19102

Counsel for Appellee Patrick Wilson

---

O P I N I O N

---

**ROTH**, <u>Circuit Judge</u>:

Kate Zielke appeals from the District Court's interlocutory order denying her qualified immunity from the First and Fourteenth Amendment claims brought by pretrial detainee Patrick Wilson.  We exercise plenary review over the denial of a motion for summary judgment based on qualified immunity.  *Wright v. City of Philadelphia*, 409 F.3d 595, 599 (3d Cir. 2005).  We assume the parties' familiarity with the factual and procedural history, which we describe only as necessary to explain our decision.  We will reverse the District Court's order in part and dismiss the remainder of Zielke's appeal.

In March 2005, Zielke, a case monitor for the Delaware County Bail and Pretrial Services Unit, applied a rubber leg monitor to Wilson's right leg pursuant to a court order placing Wilson on house arrest.  Wilson contends that he complained to Zielke on several occasions over a ten-day period that the leg monitor was too tight, but that she responded by threatening to put him in jail and otherwise ignored his complaints.  Zielke denies that Wilson ever complained about the leg monitor or that she threatened to put him in jail.

2

On the twelfth day of Wilson's house arrest, he went to the emergency room complaining of leg pain caused by the monitor, and it was removed. Wilson asserts that he suffered lacerations, swelling, and permanent nerve damage as a result of the leg monitor being too tight.

Determining whether a state actor is entitled to the affirmative defense of qualified immunity generally involves two inquiries: (1) do the facts alleged show that a state actor violated a constitutional right, and (2) was the constitutional right clearly established so that a reasonable person would know that the conduct was unlawful? *Bayer v. Monroe County Children & Youth Servs.*, 577 F.3d 186, 191 (3d Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A right is clearly established if there is "sufficient precedent at the time of the action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited." *McKee v. Hart*, 436 F.3d 165, 171 (3d Cir. 2006) (quoting *McLaughlin v. Watson*, 271 F.3d 566, 572 (3d Cir. 2001)). Courts are accorded "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, -- U.S. --, 129 S. Ct. 808, 818 (2009).

Wilson contends that Zielke's threat to put him in jail after he complained about the tightness of his leg monitor was unlawful retaliation in violation of the First Amendment. The District Court agreed and denied Zielke's motion for summary judgment. Because we find that the right was not clearly established at the time in

3

question, we will reverse.

To make out a First Amendment retaliation claim predicated on 42 U.S.C. § 1983, a plaintiff must establish the following elements: (1) he engaged in protected speech, (2) the defendant took adverse action sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the adverse action was prompted by plaintiff's protected speech. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Some of our sister circuits have held that verbal threats alone can support a claim for retaliation. *See Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) ("[T]he mere *threat* of harm can be an adverse action . . . because the threat itself can have a chilling effect."); *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994) (threat to retaliate against prisoner was sufficient action to establish First Amendment violation). However, neither the United States Supreme Court nor this Circuit has defined with specificity the contours of when a threat constitutes an adverse action in the official-detainee setting. Thus, the law as it existed at the time of this incident would not have put a reasonable person in Zielke's position on notice that she was violating a clearly established right. Accordingly, Zielke is entitled to qualified immunity on Wilson's First Amendment retaliation claim. *See McKee*, 436 F.3d at 173 (defendant entitled to qualified immunity on First Amendment retaliation claim "because of the dearth of precedent of sufficient specificity (and factual similarity to this case)").

With respect to Wilson's Fourteenth Amendment claims,[1] we are without jurisdiction at this time to review Zielke's qualified immunity defense because numerous issues of material fact remain. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (a denial of summary judgment based on qualified immunity is final and appealable only to the extent that it turns on questions of law); *Blaylock v. City of Philadelphia*, 504 F.3d 405, 409 (3d Cir. 2007) (jurisdiction to review an order denying summary judgment on qualified immunity grounds is lacking when the defendant "challenges the District Court's determination of which facts were sufficiently supported by evidence").

For the foregoing reasons, we will reverse the District Court's denial of Zielke's motion for summary judgment on the First Amendment claim and dismiss the remaining appeal.

---

[1]Wilson describes his Fourteenth Amendment claims variously as one claim for deliberate indifference to a serious medical need and one claim for cruel and unusual punishment. Because we lack jurisdiction to review Zielke's entitlement to qualified immunity on either ground, we need not determine whether Wilson may assert two distinct due process claims under the Fourteenth Amendment. In any event, the dispute would be academic because Wilson is not entitled to multiple recoveries, even if more than one Fourteenth Amendment claim existed.

**TASHIMA**, Circuit Judge, Concurring and Dissenting:

I concur in the majority's holding that Appellant Kate Zielke is entitled to qualified immunity with respect to Patrick Wilson's First Amendment claims. I must respectfully dissent, however, from the majority's dismissal of the remainder of Zielke's appeal.

The majority dismisses Zielke's appeal with respect to Wilson's Fourteenth Amendment claims based upon its observation that "numerous issues of material fact remain." Maj. Op. at 5. This court is not barred from reviewing the District Court's qualified immunity ruling, however, simply because disputed issues of fact continue to exist. Rather, we retain jurisdiction to determine whether, accepting Wilson's version of the facts as true, Zielke is entitled to qualified immunity. The very case the majority relies on to dismiss Zielke's appeal makes this clear: "Once we accept the set of facts that the District Court found to be sufficiently supported . . . we may review the District Court's conclusion that the defendants would not be immune from liability if those facts were proved at trial." *Blaylock v. City of Phila.*, 504 F.3d 405, 409 (3d Cir. 2007).

For the purposes of her summary judgment motion and her appeal, Zielke accepted Wilson's version of the facts as true. *See* Opening Brief at 1-2 ("Defendant asserted that she is entitled to qualified immunity because the facts, as alleged by Plaintiff, do not

support a claim for a violation of clearly established law (i.e., a pure question of law).").

Thus, Zielke does not challenge "the District Court's determination of which facts were sufficiently supported by evidence." *Id.* at 409. Instead, Zielke contends that Wilson's factual assertions, even if accepted as true, do not demonstrate the violation of a clearly established right. Because we have jurisdiction over this question of law, *id.* ("we may review the District Court's conclusion that the defendants would not be immune from liability if those facts were proved at trial"), I believe that we are required under *Blaylock* to reach the merits of this portion of Zielke's appeal, rather than to dismiss for lack of jurisdiction.